NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3192


THEODORE DADE, JR.,

Petitioner,

v.

DEPARTMENT OF COMMERCE,

Respondent.


Theodore Dade, Jr., of Capitol Heights, Maryland, pro se.

Dawn E. Goodman, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent.  With her on the brief were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Alan J. Lo Re, Assistant Director.

Appealed from:  Merit Systems Protection Board

NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3192

THEODORE DADE, JR.,

Petitioner,

v.

DEPARTMENT OF COMMERCE,

Respondent.

Petition for review of the Merit Systems Protection Board in DC-0752-08-0605-I-1.
_____

DECIDED:   March 3, 2010
_____

Before MAYER, SCHALL, and GAJARSA, Circuit Judges.

PER CURIAM.

Theodore R. Dade, Jr., seeks review of the final order of the Merit Systems Protection Board dismissing his appeal for lack of jurisdiction.  See Dade v. Dep't of Commerce, No. DC-0752-08-0605-I-1 (M.S.P.B. Mar. 24, 2009).  We affirm.

Dade worked as a legal instruments examiner for the U.S. Patent and Trademark Office (the "agency").  In August 2007, he received notice of his proposed removal due to improper conduct.  He responded by admitting that he had committed acts of misconduct and agreeing to enter into a last chance agreement ("LCA").  According to the LCA, the agency would postpone Dade's removal for two years in exchange for his

agreement to refrain from future acts of misconduct. The LCA also specified that the agency reserved the right to terminate him for "any act of misconduct during the abeyance period" and that he voluntarily waived his right to appeal a decision by the agency to remove him.

Several months after Dade and the agency entered into the LCA, Dade sent his supervisor an email that the supervisor believed to be threatening. The next day, Dade was placed on administrative leave and escorted from the workplace. He was later informed by letter that the threatening email was an act of misconduct that breached the LCA, and therefore he would be removed from his position.

Dade appealed his termination to the board. An administrative judge dismissed the appeal for lack of jurisdiction. The full board denied Dade's petition for review of this decision. He then filed a petition for enforcement with the board seeking full interim relief. The administrative judge dismissed the petition, finding that Dade was not entitled to any interim relief. Once again, the full board denied his petition for review.

We must affirm a decision of the board unless we find it to be: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c). Whether the board has jurisdiction to adjudicate an appeal is a question of law which we review de novo. Johnston v. Merit Sys. Prot. Bd., 518 F.3d 905, 909 (Fed. Cir. 2008).

The board lacks jurisdiction to adjudicate the merits of an appeal where the employee has waived the right to appeal in an LCA. Buchanan v. Dep't of Energy, 247 F.3d 1333, 1338 (Fed. Cir. 2001). To overcome the waiver, and thereby confer

jurisdiction over the merits on the board, the employee must show: (1) the employee complied with the LCA; (2) the agency breached the LCA; or (3) the employee did not knowingly and voluntarily enter into the LCA. Id.

Dade has not argued that he did not knowingly and voluntarily enter into the LCA. Because he admitted to sending the allegedly threatening email to his supervisor, the board appropriately determined that he made no credible allegation that he had complied with the LCA. Instead, the only argument Dade made for invalidating the waiver of his appeal rights was that the agency breached the LCA because Dade was not reassigned to a new supervisor after the parties entered into the LCA, and because he was sexually harassed by his supervisor. As the board correctly determined, the agency did not agree in the LCA to reassign Dade to a new supervisor and therefore could not have breached the LCA by failing to do so. The board also determined that the claim of sexual harassment lacked merit. We see no error in the board's analysis or conclusions. The administrative judge's decision carefully details the testimony and evidence provided by the parties and explains that she found the agency's version of events to be more credible than Dade's. Such credibility determinations are within the discretion of the board and are virtually unreviewable on appeal. Frey v. Dep't of Labor, 359 F.3d 1355, 1361 (Fed. Cir. 2004). While Dade points to minor inconsistencies in the testimony of the agency witnesses, these are insignificant and do not call into question the validity of the administrative judge's ultimate conclusion that the sexual harassment claim lacked merit. Dade also argues that the administrative judge was biased, but bases this claim on nothing more than his disagreement with her rulings and

her determination that his appeal should be dismissed. The record does not reveal any indication of bias against Dade.

With regard to Dade's petition for enforcement, the board determined that he was not entitled to any interim relief. While Dade is correct that 5 C.F.R. § 1201.116 discusses enforcement of interim relief even if an appellant does not prevail in a final board order, that section is only applicable if the appellant was the prevailing party in the initial decision and the decision granted the appellant interim relief. 5 C.F.R. § 1201.111(c)(1) ("[I]f the appellant is the prevailing party, the initial decision will provide appropriate interim relief . . . ."). In this case, the initial decision dismissed Dade's appeal and did not award any interim relief. Therefore the board properly dismissed his petition for enforcement.